Leontine FROYMAN and Maurice Froyman, Plaintiffs,

v.

John BROWN, individually and as President and Teacher J. Duffy, individually and as Secretary-Treasurer of the Non-Commissioned Officers Club of Steward Air Force Base, Defendants.

United States District Court
S. D. New York.
Aug. 27, 1964.

Jack Korman, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for defendants, by John R. Horan, Asst. U. S. Atty.

TYLER, District Judge.

This claim for alleged personal injuries occurring within this District and the State of New York arose, as both sides agree, on April 12, 1961. Thus, as both sides also concede, the claim would be barred by the applicable statute of limitations after Monday, April 13, 1964[1] if the statute were not tolled or extended 60 days from April 13 by delivery of process for service to the sheriff that day. Although both sides agree that the sheriff actually made service on April 15 of this year, the dispute here centers upon when the papers were actually delivered by plaintiff to the sheriff.

The issue is raised by defendants' motion to dismiss pursuant to Rule 12(b) (6), F.R.Civ.P. Since one party has submitted matters outside the pleading, I will treat the motion as one for summary judgment pursuant to Rule 56, F.R.Civ.P. More particularly, then, the issue to be decided is whether delivery was made to the sheriff on April 13, as plaintiff swears in his affidavit and as is indicated in an unverified letter, "to whom it may concern", from the Chief Deputy Sheriff of Orange County, or whether delivery to the sheriff was not made until April 14, as is indicated by an apparently official stamp of the sheriff's office upon the face of the summons itself.

In order to resolve the dispute, I must decide whether the "official" stamp of the sheriff affixed in due course is to be given conclusive effect in the face of plaintiff's sworn statement with the supporting evidence of the "to whom it may concern" letter.

It can be argued that the sheriff's official record should be treated as "irrebuttably presumptive" on the basis that, as a matter of sound policy and practicability, it is wiser to unblinkingly rely on official and bureaucratic regularity in technical areas of this kind than to indulge in a nice weighing of individual case fact patterns, thus consuming courts' time and clients' money. On the other hand, it is no less difficult to conceive of inadvertent errors on the part of a sheriff which would make a chancellor's heart yearn to do justice, and that not by halves.

The answer in this case is that I cannot certainly determine on this record that this sheriff's stamp—as opposed to a docket or receipt book, for example—is such an official record as to be given controlling weight over a sworn and supported statement to the contrary. Whether delivery to the sheriff was made within or without the allowable period is, therefore, a disputable and disputed issue of fact not appropriate for resolution by summary judgment.

The motion is denied. So ordered.

---

[1]. April 12, 1964 fell on a Sunday. New York CPLR, Sections 203(a) and 214 (5); see also New York General Construction Law, McKinney's Consol.Laws, c. 22, Section 25-a.